UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD P. PREAU** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4272-JCZ-SS** |
| **TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC., et al** | |

### ORDER

PLAINTIFF'S MOTION TO REURGE MOTION FOR CONTEMPT (Rec. doc. 67)

**DENIED**

On May 18, 2009, the motion of the plaintiff, Donald R. Preau ("Preau"), for contempt and to compel was denied. Rec. doc. 63. On May 29, 2009, Preau filed a motion for leave to reurge his motion for contempt and to compel. Rec. doc. 67. He requested reconsideration of the May 18, 2009 order and urged that it was contrary to applicable case law. The United States Department of Labor ("DOL") responded that reconsideration was not warranted and urged that applicable case law barred Preau's requested relief. Rec. doc. 73. Preau did not file a reply.[1]

Preau is pursuing a claim against Transit Management of Southeast Louisiana, Inc. ("TMSEL"), and the Regional Transit Authority, New Orleans, Louisiana ("RTA") for relief under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301. He alleges that they failed to re-employ him after he was released from temporary active duty

---

[1] Preau and the defendants filed a joint motion to continue the trial. Rec. doc. 84. The supporting memorandum refers to Preau's motion for leave to reurge motion for contempt and to compel and states that "[s]aid motion has not yet been decided and its outcome has a significant bearing on Plaintiff's ability to prepare his case fully for trial." Rec. doc. 84 (Attachment at 2). The District Judge set a status conference for July 9, 2009 on the motion to continue trial. Rec. doc. 86.

on November 2, 2007. He reports that after he sought its assistance, DOL determined that defendants were in violation of the law. Rec. doc. 1.

On August 20, 2008, Preau submitted a Freedom of Information Act ("FOIA") request to DOL for its investigative file. It did not produce its complete file. Preau appealed. It is anticipated that the appeal will not be resolved until the second half of 2009. On April 2, 2009, Preau issued a subpoena to DOL.[2] It responded that the subpoena was considered as a further FOIA request and Preau would receive the same materials which were produced in response to the August 20, 2008 FOIA request. Rec. doc. 39 (Exhibit 4).

Preau responded with a motion for an order finding DOL in contempt for failure to comply with the subpoena or, in the alternative, for an order, pursuant to Fed. R. Civ. P. 37(a)(3)(B), compelling production of the documents. The request for an order of contempt and sanctions was denied. Rec. doc. 63 at 2. The request for relief under Rule 37(a)(3)(B) was treated as request for relief under Fed. R. Civ. P. 45(c)(2)(B)(i). It was determined that sovereign immunity did not bar the relief sought by Preau. DOL's argument that the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, required Preau to file a separate suit was rejected. Id. at 3.

DOL also contended that Preau failed to exhaust his administrative remedies because he did not receive an official agency determination and thus there was no final agency action which required resolution of his administrative appeal. Although DOL was required to make a determination of the appeal within twenty days (5 U.S.C. § 552(a)(6)(A)(ii)), Preau's appeal has been pending for more than six months. The undersigned held that:

---

[2] The subpoena sought the complete investigative file for USERRA Case No. LA-2008-0004-10-R-CO including all statements pertaining to Donald Preau. Rec. doc. 31 (Exhibit A).

> DOL's failure to act in a timely manner on Preau's appeal is the equivalent of final action. If DOL's position is accepted, it can defeat any FOIA request and a subpoena for documents merely through inaction.

Rec. doc. 63 at 4.

The final issue was DOL's contention that Preau had not addressed the propriety of its decision to redact or withhold certain materials in response to the FOIA request. Preau urged that everything within DOL's investigation file is highly relevant and discoverable. The undersigned found that this was insufficient to demonstrate that DOL did not properly redact or withhold documents in accord with 5 U.S.C. § 552(b) and Preau failed to sustain his burden for an order compelling production of DOL's investigative file.

In the motion for reconsideration, Preau contends that: (1) case law demonstrates that the party seeking the documents does not bear the burden of demonstrating that DOL's decision to withhold documents is improper; (2) this burden is on the agency; (3) the agency may sustain this burden by providing a detailed affidavit which explains why documents fall within an exemption; and (4) in the alternative, the agency may be required to produce the documents for an *in camera* inspection. DOL concedes that, pursuant to 5 U.S.C. § 552(a)(4)(B), the burden lies with the agency. It contends that the same provision requires Preau to file a separate action which he has not done. It agrees that if this were a separate FOIA action, the burden would be on it to demonstrate the application of the cited exemptions and produce the required affidavit.

In the May 18, 2009 order, the undersigned relied on <u>United States Environmental Protection Agency v. General Electric Co.</u>, 197 F.3d 592 (2d Cir. 1999) ("<u>EPA v. GE I</u>"), *modified*, 212 F.3d 689 (2d Cir. 2000) ("<u>EPA v. GE II</u>"), in rejecting DOL's argument that the APA, 5 U.S.C. § 702, required Preau to file a separate suit. Rec. doc. 63 at 3. With <u>In re S.E.C. ex rel. Glotzer</u>, 374 F.3d

184 v. 184 (2nd Cir. 2004), the Second Circuit said:

> EPA v. GE I's holding that motions to compel agency compliance with subpoenas are "agency actions" reviewable under APA § 702 remains good law. That holding is grounded in the doctrine of sovereign immunity. Absent a waiver of sovereign immunity, a federal agency, as representative of the sovereign, cannot be compelled to act. But the federal government, in enacting the APA, waived its immunity with respect to those actions in a court of the United States which seek review of "agency action." In EPA v. GE I, we held that a motion to compel agency compliance with a subpoena qualified as an "action" seeking review of "agency action" for purposes of APA § 702, and, therefore, that a federal court's consideration of such a motion did not violate sovereign immunity.

374 F.3d at 190 (Citations, brackets and quotation marks omitted). In re S.E.C. ex rel Glotzer found that neither EPA v. GE I nor EPA v. GE II addressed the issue "of whether a party seeking to compel compliance with a subpoena must exhaust her administrative remedies before resorting to judicial review. . . ." Id. at 191. The Second Circuit held that,

> [A] party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust his or her administrative remedies pursuant to APA § 704. Judicial review under APA § 702 is expressly conditioned, under APA § 704, on the existence of a "final" agency action.

Id. at 192. This is contrary to the conclusion reached by the undersigned in the May 18, 2009 order. In light of In re S.E.C. ex rel Glotzer, the undersigned concludes that Preau is required to exhaust his administrative remedies before seeking judicial review of DOL's non-compliance with the subpoena duces tecum. Preau has not done this. The analysis in the May 18, 2009 order should have ended at this point.

IT IS ORDERED that Preau's motion for leave to re-urge motion for contempt and/or, in the alternative, motion to compel discovery (Rec. doc. 67) is DENIED.

New Orleans, Louisiana, this 24th day of June, 2009.

                                          **SALLY SHUSHAN**
                                          **United States Magistrate Judge**